IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ANTHONY JEROME SMITH, | ) | CASE NO. 4:10 CV 2836 |
| | ) | |
| Petitioner, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | WILLIAM H. BAUGHMAN, JR. |
| RICH GANSHEIMER, | ) | |
| | ) | |
| Respondent. | ) | **REPORT & RECOMMENDATION** |

Introduction . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -2-

Statements of Facts and of the Case . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -3-
    A.    The underlying facts . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -3-
    B.    The first trial and direct appeal . . . . . . . . . . . . . . . . . . . . . . . . . . . . -5-
    C.    The retrial . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -6-
        1.    Pretrial . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -6-
        2.    The trial . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -6-
    D.    Appeal of second trial verdict . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -7-
    E.    Ohio Supreme Court . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -8-
    F.    Rule 26(B) application to reopen the appeal from the second trial . . . . . -9-
    G.    Motion to set aside the judgment on the Rule 26(B) application . . . . . -10-
    H.    Ohio Supreme Court . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -10-
    I.    Federal habeas corpus . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -11-

Analysis . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -12-
    A.    Preliminary observations . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -12-
    B.    Standards of review . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -13-
        1.    Non-cognizable claims . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -13-
        2.    Procedural default . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -15-
        3.    AEDPA review . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -17-
    C.    Application of standards . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -20-
        1.    Ground Two – allowance of Sgt. Meloro's testimony – should be dismissed for being a non-cognizable claim and procedurally defaulted. *Alternatively, this ground may be denied on the merits as the decision of the state appeals court was not contrary to clearly established federal law.* . . . . . . . . . . . . . . . . . . . . . . . . . . . . -20-

2.      Ground three – denial of a mistrial in favor of curative instructions – should be dismissed as non-cognizable. . . . . . . . . . . . . . . . . . . .   -23-
3.      Ground four – instruction on a lesser-included offense – should be denied as non-cognizable. . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   -25-
4.      Ground five – ineffective assistance of appellate counsel – should be denied on the merits after de novo review. . . . . . . . . . . . . . . . . .   -26-
5.      Ground one – impermissibly suggestive witness identification – should be denied on the merits after AEDPA review because the state court decision denying this claim was not an unreasonable application of clearly established federal law. . . . . . . . . . . . . . .   -32-

Conclusion . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   -35-

## Introduction

Before me by referral is the *pro se* petition of Anthony Jerome Smith for a writ of habeas corpus under 28 U.S.C. § 2254.[1] Smith is currently incarcerated at Lake Erie Correctional Institution in Conneaut, Ohio, where he is serving a term of 21 years imprisonment imposed by the Trumbull County Court of Common Pleas after his conviction in 2008 of (1) aggravated robbery including a firearm and repeat violent offender specification, and (2) having a weapon while under disability.[2]

In his petition, Smith raises five grounds for relief.[3] The State, in its return of the writ, argues that the petition should be denied in part and dismissed in part.[4] Smith filed a

---

[1] ECF # 1.

[2] *Id*. at 1.

[3] *Id*. at 24-39.

[4] ECF # 10.

traverse.[5] For the reasons that follow, I recommend finding that the petition should be dismissed in part and denied in part, or alternatively denied in full.

## Statements of Facts and of the Case

### A.    The underlying facts

The underlying facts as found by the Ohio Court of Appeals are straightforward.[6]

On the evening of September 10, 2004, Smith was a passenger in a car with North Carolina license plates that was stopped by police at a sobriety checkpoint in Liberty Township, Ohio.[7] Although Smith was suspected by the officer on the scene of being under the influence of alcohol, and Lawrence Johnson, the driver of the vehicle, did not have a current license, both Smith and Johnson were allowed to leave when another driver was located and the car was driven away.[8]

A short time later, Smith and Johnson entered a nearby gas station where Smith robbed the clerk of $115 at gunpoint.[9] Officer Peter DeAngelo, who had earlier been working

---

[5] ECF # 13.

[6] Facts found by the state appellate court on its review of the record are presumed correct by the federal habeas court. 28 U.S.C. § 2254(e)(1); *Brumley v. Wingard*, 269 F.3d 629, 637 (6th Cir. 2001).

[7] ECF # 10, Attachment at 243.

[8] *Id*.

[9] *Id*.

at the sobriety checkpoint, responded to a radio call about the robbery at the gas station.[10]

Upon approaching the station, he observed a black male jump into the rear window of the

same vehicle that he had stopped earlier at the checkpoint.[11] When DeAngelo approached this

vehicle after it had crashed attempting to flee, he was able to identify this individual as

Smith.[12]

      A second officer, Michael Shuster, also responded to the call of the robbery at the BP

station and also joined the pursuit of the vehicle fleeing the gas station.[13] After the vehicle

crashed, Shuster chased one of the passengers on foot through the backyards of private

residences, eventually finding that individual lying in the grass with a loaded firearm about

two feet from his legs.[14] At trial, Shuster identified this individual as Smith, and the gas

station clerk identified the gun found by Shuster as the one pointed at her during the

robbery.[15] In addition, Shuster testified that he found $115 in Smith's back pocket.[16]

------------------------------------

[10] *Id*.

[11] *Id*. at 243-44.

[12] *Id*. at 244.

[13] *Id*.

[14] *Id*.

[15] *Id*.

[16] *Id*.

After Smith's arrest, both the gas station manager and the clerk identified Smith and Johnson as the two individuals who had entered the BP station that day and both of them indicated that Smith was the robber.[17]

**B.     The first trial and direct appeal**

Smith was indicted with one count of aggravated robbery, with firearm and repeat violent offender specifications.[18] Smith was also charged with one count of having a weapon while under disability.[19]

The case proceeded to jury trial where Smith was found guilty on all charges, including the specifications.[20] Smith was thereupon sentenced to an aggregate prison term of 21 years.[21]

Smith appealed his conviction to the Ohio Court of Appeals, arguing *inter alia* that the trial judge had erred by failing to instruct the jury on the lesser-included offense of robbery.[22] The court of appeals agreed, reversing Smith's convictions and remanding the matter for a new trial.[23]

---

[17] *Id*. at 245.

[18] *Id*.

[19] *Id*.

[20] *Id*.

[21] *Id*.

[22] *Id*. at 246.

[23] *Id*.

C.    **The retrial**

1.    *Pretrial*

After the remand for a new trial, Smith moved to suppress the identifications made by the gas station manager and clerk, arguing that the "show-up" procedure used by the police was unduly suggestive.[24] Following a hearing on the motion, the trial court concluded that there was no evidence to indicate that the identifications were impermissibly suggestive and so denied the motion to suppress.[25]

2.    *The trial*

Smith was retried before a jury.[26] Unlike at his first trial, Smith did not testify on his own behalf at his second trial.[27] But as was the case previously, the second jury found Smith guilty of aggravated robbery, with repeat violent offender and firearm specifications, and of having a weapon while under disability.[28] Once again the trial court sentenced Smith to a prison sentence of 21 years.[29]

---

[24] *Id.*

[25] *Id.* at 246-47.

[26] *Id.* at 247.

[27] *Id.* at 247.

[28] *Id.*

[29] *Id.*

**D.     Appeal of second trial verdict**

Smith, through new counsel,[30] then filed a timely[31] notice of appeal. In his brief, Smith

raised five assignments of error:[32]

1.     The trial court erred by denying appellant's motion to suppress.

2.     The trial court abused its discretion by failing to exclude the testimony of Detective Toby Meloro.

3.     The trial court abused its discretion by overruling Appellant's motion for a mistrial, in violation of Appellant's rights as guaranteed by the Fifth and Fourteenth Amendments to the Unites States Constitution.

4.     The trial court erred by failing to instruct the jury on the lesser included offense of theft, thereby denying appellant of his fundamental right to a fair trial.

5.     The appellant's convictions are against the manifest weight of the evidence.

On December 31, 2008, the Court of Appeals affirmed the trial court's judgment,

overruling all of Smith's assignments of error.[33]

_____

[30] Michael Partlow represented Smith at trial (*id*. at 163) and Erik Jones represented Smith on appeal (*id*. at 166).

[31] Ohio App. Rule 4(A) provides that a notice of appeal must be filed within 30 days of the entry of the decision being appealed. Here, judgment was entered at trial on February 25, 2008 (*id*. at 165), and the notice of appeal was filed on March 14, 2008 (*id*. at 166).

[32] *Id*. at 173-74.

[33] *Id*. at 265-66.

**E.      Ohio Supreme Court**

On February 11, 2009, Smith, *pro se*, then filed an untimely notice of appeal and a motion to file a delayed appeal[34] with the Ohio Supreme Court, citing in both instances problems with the prison mail system in receiving the judgment of the appeals court. The Supreme Court of Ohio permitted Smith to file a delayed appeal.[35]

In his memorandum in support of jurisdiction, Smith asserted the following five propositions of law:

   I.      "Show Up" identifications violate a criminal defendant's constitutional rights to due process since the identification process in unnecessarily suggestive and conducive to irreparable mistaken identification, and the identification effectively exhibits many indices of unreliability. A court commits reversible error when relying upon such an identification to support a conviction.[36]

   II.     A trial court abuses its discretion when permitting a witness to testify over objection where the record reveals the prosecution knowingly misleads the defense as to whether the witness would testify preventing the defense from preparing a defense to possible testimony and the defendant was unfairly prejudiced by the witnesses testimony.[37]

   III.    Where prosecution elicits testimony regarding a defendant invoking his right to remain silent and counsel it violates the defendant's Fifth and Fourteenth Amendment rights to the United States Constitution and is grounds for reversal.[38]

---

[34] *Id*. at 267-69.

[35] *Id*. at 298.

[36] *Id*. at 300.

[37] *Id*.

[38] *Id*.

IV.     A trial court may commit reversible error by failing to instruct on a lesser included offense, at retrial, when the court nor prosecution had objection to such instruction at the initial trial, thereby avoiding the appearance of prejudice by the trial court and violation of defendant's Fifth and Fourteenth Amendment rights.[39]

V.      The appellant's convictions are against the manifest weight of the evidence and the appeals court committed a reversible error by ignoring federal, state and their own precedent in determining the verdicts were not against the manifest weight.[40]

On September 30, 2009, the Ohio Supreme Court dismissed the appeal "as not involving any substantial constitutional question."[41]

**F.      Rule 26(B) application to reopen the appeal from the second trial**

While the direct appeal was still pending before the Supreme Court of Ohio, Smith, *pro se,* filed an application on March 23, 2009, with the state appeals court pursuant to Ohio Appellate Rule 26(B) to reopen his appeal.[42] In that proceeding, Smith argued that his appellate counsel was ineffective in failing to raise on appeal two assignments of error:

"[1.] Ineffective assistance of trial counsel by: a) failing to impeach witness credibility; b) failing to object to testimony of parole officer elicited by the prosecutor as 'prior bad acts evidence.'"[43]

---

[39] *Id.*

[40] *Id.* at 301.

[41] *Id.* at 359.

[42] *Id.* at 360.

[43] *Id.* at 364.

-9-

"[2.] Appellate counsel failed to request an in camera hearing to argue the trial transcripts were not an accurate account of the first trial."[44]

On July 21, 2009, the Court of Appeals denied Smith's application to reopen his appeal.[45] Smith did not appeal the appellate court's denial of his application to reopen to the Supreme Court of Ohio.

## G.    Motion to set aside the judgment on the Rule 26(B) application

About nine months later, on April 14, 2010, Smith, *pro se*, filed a motion with the Court of Appeals asking that the court set aside its judgment denying his application to reopen his appeal.[46] On July, 16, 2012, the Court of Appeals overruled Smith's motion.[47]

## H.    Ohio Supreme Court

Smith, *pro se*, thereupon filed a timely appeal of that decision to the Ohio Supreme Court.[48] In his memorandum in support of jurisdiction, Smith asserted the following single proposition of law:

The Court of Appeals erred by denying appellant's motion to set aside its decision where the clerk of courts failed to serve a copy of the judgment entry on appellant as App. R. 30(A) requires, which ultimately prevented appellant from filing a timely appeal to the Ohio Supreme Court.[49]

---

[44] *Id*. at 367.

[45] *Id*. at 384.

[46] *Id*. at 396.

[47] *Id*. at 398.

[48] *Id*. at 401.

[49] *Id*. at 408.

-10-

On October 13, 2010, the Ohio Supreme Court dismissed the appeal "as not involving any substantial constitutional question."[50]

## I.  Federal habeas corpus

On December 15, 2010, Smith, *pro se*, filed the present federal petition for habeas relief.[51] As noted above, he raised five grounds for relief.

> **Ground One**: Petitioner's constitutional right to due process was violated where the identification process was unnecessarily suggestive and conducive to irreparable mistaken identification, and the identification exhibits many indices of unreliability.[52]

> **Ground Two**: Petitioner's constitutional right to due process was violated where the trial court permits a witness to testify over objection preventing the defense from preparing a defense to possible testimony and where the defense was unfairly prejudiced by the testimony.[53]

> **Ground Three**: Petitioner's right to remain silent and right to counsel as guaranteed by the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution were violated where the trial court overruled Petitioner's motion for a mistrial.[54]

> **Ground Four**: Petitioner was denied his fundamental right to a fair (sic) as guaranteed by the Fourteenth Amendment to the United States Constitution where the trial court failed to instruct the jury on the lesser included offense of theft.[55]

---

[50] *Id*. at 424.

[51] ECF # 1.

[52] *Id*. at 24.

[53] *Id*. at 30.

[54] *Id*. at 35.

[55] *Id*. at 37.

**Ground Five**: Petitioner was denied his right to effective assistance of counsel as guaranteed by the Sixth and Fourteenth Amendments to the United States Constitution where counsel on appeal failed to challenge his cause skillfully, which prejudiced him to receiving a full review of meritorious issues.[56]

# Analysis

## A.    Preliminary observations

As a preliminary matter, the parties do not dispute, and my own review establishes, that Smith was in custody of the State of Ohio pursuant to his conviction and sentence in that state at the time he filed the present petition for federal habeas relief. Thus, this Court has jurisdiction over that petition.[57]

Further, the present petition was filed within one year of the conclusion of the direct review of Smith's conviction and sentence in Ohio courts, making the petition timely under the applicable one-year limitations period established in federal law.[58]

In addition, Smith's claims have been fully exhausted in the Ohio courts as required by law.[59] Moreover, based on Smith's representation[60] and my own review of this Court's docket, it does not appear that this is a second or successive petition for habeas relief.[61]

---

[56] *Id*. at 39.

[57] 28 U.S.C. § 2254(a); *Garlotte v. Fordice*, 515 U.S. 39, 43-44 (1995).

[58] 28 U.S.C. § 2244(d)(1).

[59] 28 U.S.C. § 2254(b),(c); *Rhines v. Weber*, 544 U.S. 269, 274 (2005).

[60] ECF # 1 at 10.

[61] *See*, 28 U.S.C. § 2254(b); *In re Bowen*, 436 F.3d 699, 704 (6th Cir. 2006).

Finally, Smith has requested[62] an evidentiary hearing.[63] But the factual record is not contested, and no such hearing is warranted here.[64]

## B.     Standards of review

### 1.     *Non-cognizable claims*

The federal habeas statute, by its own terms, restricts the writ to state prisoners who are in custody in violation of federal law.[65] Accordingly, it is well-settled that, to the extent a petitioner claims that his custody is a violation of state law, the petitioner has failed to state a claim upon which federal habeas relief may be granted.[66] In such circumstances, a claim for federal habeas relief based solely on the ground of purported violation of state law is properly dismissed by the federal habeas court as non-cognizable.[67]

But a claimed error of state law may nevertheless serve as the basis for federal habeas relief if such error resulted in the petitioner being denied "fundamental fairness" at trial.[68] The Supreme Court defined "very narrowly" the category of infractions that violate the

---

[62] ECF # 1 at 38.

[63] 28 U.S.C. § 2254(e)(2).

[64] *See*, *Reynolds v. Bagley*, 498 F.3d 549, 552 (6th Cir. 2007).

[65] 28 U.S.C. § 2254(a).

[66] *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990).

[67] *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991); *Bey v. Bagley*, 500 F.3d 514, 519 (6th Cir. 2007).

[68] *Estelle*, 502 U.S. at 67-68.

"fundamental fairness"of a trial.[69] Specifically, such violations are restricted to offenses against "'some principle of justice so rooted in the traditions and conscience of our people as to be ranked as fundamental.'"[70]

The petitioner bears the burden of showing that a principle of fundamental fairness was violated.[71] In so doing, the federal habeas court must follow the rulings of the state's highest court with respect to state law[72] and may not second-guess a state court's interpretation of its own procedural rules.[73] Further, while, in general, distinct constitutional claims of trial error may not be cumulated to grant habeas relief,[74] the Sixth Circuit has recognized that "'[e]rrors that might not be so prejudicial as to amount to a deprivation of due process when considered alone, may cumulatively produce a trial setting that is fundamentally unfair.'"[75]

---

[69] *Bey*, 500 F.3d at 522, quoting *Dowling v. United States*, 493 U.S. 342, 352 (1990).

[70] *Id*. at 521, quoting *Montana v. Egelhoff*, 518 U.S. 37, 43 (1996).

[71] *Id.*

[72] *Wainwright v. Goode*, 464 U.S. 78, 84 (1983).

[73] *Allen v. Morris*, 845 F.2d 610, 614 (6th Cir. 1988).

[74] *Williams v. Anderson*, 460 F.3d 789, 816 (6th Cir. 2006).

[75] *Gillard v. Mitchell*, 445 F.3d 883, 898 (6th Cir. 2006), quoting *Walker v. Engle*, 703 F.2d 959, 963 (6th Cir. 1983).

## 2. *Procedural default*

Under the doctrine of procedural default, the federal habeas court is precluded from reviewing a claim for relief if the petitioner failed to obtain consideration of that claim on its merits in state court, either because the petitioner failed to raise it when state remedies were still available or because of some other violation of a state procedural rule.[76]

When a violation of a state procedural rule is alleged as the basis for the default, the Sixth Circuit has long-employed a four-part test to determine if the claim is procedurally defaulted in a federal habeas proceeding:

(1)     Does a state procedural rule exist that applies to the petitioner's claim?

(2)     Did the petitioner fail to comply with that rule?

(3)     Did the state court rely on that failure as the basis for its refusal to address the merits of the petitioner's claim?

(4)     Is the state rule violated by the petitioner an adequate and independent state law basis for barring the federal court from considering the claim?[77]

In addition to establishing these elements, the state procedural rule must be shown to be (a) firmly established and (b) regularly followed before the federal habeas court will decline to review an allegedly procedurally defaulted claim.[78]

---

[76] *Lundgren v. Mitchell*, 440 F.3d 754, 763 (6th Cir. 2006).

[77] *Morales v. Mitchell*, 507 F.3d 916, 937 (6th Cir. 2007) (citation omitted).

[78] *Smith v. Ohio Dep't of Rehab. & Corrs.*, 463 F.3d 426, 431 (6th Cir. 2006) (citations omitted).

If a procedural default is established, the default may be overcome if: (1) the petitioner can show cause for the default and actual prejudice from the court's failure to address the alleged constitutional violation, or (2) that a lack of review of the claims merits will result in a fundamental miscarriage of justice.[79] In addition, procedural default may also be excused by a showing of actual innocence.[80]

To establish "cause" for the default, a petitioner must generally show that some objective factor, something external to himself, precluded him from complying with the state procedural rule.[81] Demonstrating "prejudice" requires the petitioner to show that the alleged constitutional error worked to his actual and substantial disadvantage, infecting the entire proceeding with error of a constitutional dimension.[82] There can be no prejudice if the petitioner cannot show a reasonable probability of a different outcome at trial.[83]

Notwithstanding these elements, the Supreme Court has held that federal habeas courts are not required to consider an assertion of procedural default before deciding a claim against the petitioner on the merits.[84] In that regard, the Sixth Circuit has stated that a federal habeas court may bypass an issue of procedural default when that issue presents complicated

---

[79] *Hicks v. Straub*, 377 F.3d 538, 552-52 (6th Cir. 2004) (citations omitted).

[80] *Id*.

[81] *Coleman v. Thompson*, 501 U.S. 722, 753 (1991).

[82] *United States v. Frady*, 456 U.S. 152, 170 (1982).

[83] *Mason v. Mitchell*, 320 F.3d 604, 629 (6th Cir. 2003).

[84] *Lambrix v. Singletary*, 520 U.S. 518, 525 (1997).

questions of state law and addressing it is unnecessary to resolving the claim against the petitioner on the merits.[85]

**3.      AEDPA review**

Where a state court adjudicated the merits of a claim now asserted in a federal habeas petition, the controlling federal statute is plain that the federal habeas court may use that claim as a basis for granting the writ only if the state decision was either contrary to clearly established federal law as determined by the United States Supreme Court or was an unreasonable application of that law.[86]

In applying that statute, a federal habeas court is guided by the well-known teachings of *Williams v. Taylor*.[87] As stated by the United States Supreme Court in *Williams*, a decision is "contrary to" clearly established federal law if "the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts."[88] *Williams* further holds that a state court decision is an "unreasonable application" of clearly established federal law if "the state court identifies the correct governing legal

---

[85] *Hudson v. Jones*, 351 F.3d 212, 215-16 (6th Cir. 2003).

[86] 28 U.S.C. § 2254(d).

[87] *Williams v. Taylor*, 529 U.S. 362 (2000).

[88] *Id.* at 412. *Accord*, *Broom v. Mitchell*, 441 F.3d 392, 398 (6th Cir. 2006).

principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case."[89]

Moreover, a federal court may not find that a state court unreasonably applied clearly established federal law simply because the habeas court "concludes on its independent judgment that the relevant state court decision applied clearly established federal law erroneously or incorrectly."[90] Rather, the state court holding may be disturbed only upon showing that it was "objectively unreasonable."[91]

The Supreme Court teaches that this "objectively unreasonable" standard is "difficult to meet,"[92] and "highly deferential" to the decision of the state court.[93] As the Supreme Court explained, "[a] state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision."[94] Or, stated differently, a writ will issue only upon a showing that the state court's ruling "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement."[95]

---

[89] *Williams*, 529 U.S. at 413; *Broom*, 441 F.3d at 398.

[90] *Williams*, 529 U.S. at 411.

[91] *Id*. at 409.

[92] *Harrington v. Richter*, __ U.S.__, 131 S. Ct. 770, 786 (2011).

[93] *Woodford v. Visciotti*, 537 U.S. 19, 24 (2002).

[94] *Harrington*, 131 S. Ct. at 786.

[95] *Id*. at 786-87.

In addition, a state court may be found to have unreasonably applied clearly established federal law if it unreasonably extends or unreasonably fails to extend a clearly established federal legal principle to a new context.[96]

Finally, where a state court does not address the merits of a federal claim properly presented to it, "the deference due [a state court decision by the federal habeas court] under the AEDPA does not apply."[97] Then, the federal court is to review the claim *de novo*.[98]

However, as the Supreme Court emphasized recently in *Harrington v. Richter*, since a state court is not required to state its reasons or explain its conclusion when it adjudicates a federal claim in the merits, when a federal claim was presented to the state court and then denied without any statement of reasons or explanation for the decision, "it may be presumed that the state court adjudicated the [federal] claim on the merits in the absence of any indication or state-law procedural principles to the contrary."[99] In such circumstances, the decision of the state court would be entitled to deference from the federal habeas court.[100]

---

[96] *Williams*, 529 U.S. at 405-07. *Accord*, *Lancaster v. Adams*, 324 F.3d 423, 429 (6th Cir. 2003).

[97] *Maples v. Stegall*, 340 F.3d 433, 436 (6th Cir. 2003).

[98] *Id.*

[99] *Harrington*, 131 S. Ct. at 784-85; *Brown v. Bobby*, 656 F.3d 325, 328-29 (6th Cir. 2011).

[100] *Brown*, 656 F.3d at 329.

## C.     Application of standards

**1.      *Ground Two – allowance of Sgt. Meloro's testimony – should be dismissed for being a non-cognizable claim and procedurally defaulted. Alternatively, this ground may be denied on the merits as the decision of the state appeals court was not contrary to clearly established federal law.***

In ground two Smith claims that his due process rights were violated when the trial court permitted Sergeant Meloro to testify at his second trial. In particular, Smith argues that the trial court abused its discretion in permitting Sergeant Meloro to testify over a defense objection because the prosecutor should have either re-submitted the witness list from the first trial (which contained Meloro) or prepare an entirely new witness list for the second trial that included Meloro.[101]

The Ohio Court of Appeals ruled that the trial court did not abuse its discretion in allowing Meloro to testify. Citing solely to Ohio case law, the court concluded that the prosecutor here had not violated Ohio Criminal Rule 16 because the failure to explicitly identify Meloro as a witness to the defense before the second trial was a misunderstanding[102]

---

[101] ECF # 1 at 31.

[102] As factually determined by the state appeals court, the misunderstanding occurred when the prosecution at the second trial told defense counsel that it would use "the same" witnesses and exhibits from the first trial. Sergeant Meloro was on that witness list but was never actually called to testify. The prosecution believed that its comment about using "the same" witnesses as the first trial meant the same listed witnesses, while defense counsel understood it to mean only those witnesses who actually testified. *See*, ECF # 10, Attachment at 251-52.

-20-

rather than a willful move, and this misunderstanding did not preclude Smith from adequately preparing his defense or prejudice him in any other way.[103]

Both Smith and the Ohio appeals court addressed this matter as exclusively one of state law – in particular, Ohio Criminal Rule 16.[104] In that regard, both Smith and the state appeals court further agree that purported violations of that Rule are adjudicated under the rubric of whether the trial court abused its discretion by admitting testimony from a non-disclosed witness.[105] Essentially, as the Ohio Supreme Court has held in a case cited by the appeals court here, in Ohio law there is no abuse of discretion in admitting such testimony from a witness where the record does not show: (a) that any failure to disclose was willful, (b) that foreknowledge would have benefitted the accused in preparation of his defense, or (c) that the accused was unfairly prejudiced.[106]

To the extent a habeas petitioner's argument is based solely on an alleged violation of state law he has failed to state a claim on which federal habeas relief may be granted.[107] Indeed, the Sixth Circuit has explicitly stated that, if a habeas petitioner rests his claim for relief solely on a purported violation of Ohio Criminal Rule 16, "there is no constitutional

---

[103] *Id.* at 253.

[104] *See*, *id*. at 186-89 (Smith brief); 250-53 (opinion of appeals court).

[105] *Id.*

[106] *Id.* at 253 (citing *State v. Scudder*, 71 Ohio St. 3d 263, 269, 643 N.E.2d 524, 529-30 (1994)).

[107] *Lewis*, 497 U.S. at 780.

violation cognizable on habeas.[108] Moreover, claims that a state trial court abused its discretion, without more, do not state a cognizable ground for federal habeas relief.[109]

Therefore, since this ground for relief was dealt with in state court solely as a question of state law involving an alleged abuse of discretion, I recommend its dismissal as a non-cognizable claim.

In addition, and alternatively, I note that Smith's contends in his traverse that "it is axiomatic"that he has a constitutional right to a fair trial, and that, therefore, he does not need to "cite 'chapter and verse' of constitutional law to present a constitutional violation."[110] But, courts have uniformly held that mere general allegations of a denial of "due process" or the right to a "fair trial" do not fairly present claims that a specific federal constitutional right was violated.[111] Thus, as the State observes, any particular but as yet unformed federal claim by Smith as concerns ground two is now procedurally defaulted because no such specific federal claim has yet been presented to the state courts and any future presentation of such a claim would be barred by *res judicata*.[112]

Thus, even if Smith's claim here is read with reference to his single assertion in the petition that he was denied "due process" by the trial court's application of Ohio Criminal

---

[108] *Hicks v. Collins*, 384 F.3d 204, 220 (6th Cir. 2004) (citation omitted).

[109] *Stanford v. Parke*r, 266 F.3d 442, 459 (6th Cir. 2001).

[110] ECF # 13 at 4.

[111] *McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000).

[112] ECF # 10 at 13-15.

Rule 16,[113] I recommend dismissing that claim as procedurally defaulted in the absence of any more specific federal constitutional argument to the Ohio courts, and because Smith would be barred by Ohio's *res judicata* rule from raising such a claim in the future. Further, Smith has not excused such a default by either a cause and prejudice analysis or a showing of actual innocence.

**2.      Ground three – denial of a mistrial in favor of curative instructions – should be dismissed as non-cognizable.**

In his third ground for relief, Smith maintains that his Fifth, Sixth, and Fourteenth Amendment rights were violated when the trial court overruled his motion for a mistrial in the second trial arising out of a brief colloquy during direct examination of Sergeant Meloro.[114]

As determined by the Ohio appeals court, Smith moved for a mistrial after the prosecution asked Sergeant Meloro whether Smith or Johnson had made any statements to police after their arrests.[115] After the officer said that the defendants had made no statements, the prosecutor asked if that was because they had invoked their right to counsel.[116] Sergeant

---

[113] ECF # 1 at 18.

[114] *Id.* at 35.

[115] ECF # 10, Attachment at 254.

[116] *Id.*

Meloro said, "Absolutely," and then defense counsel objected and requested a mistrial.[117] The trial court denied that motion but ordered the jury to disregard the statement.[118]

The state appeals court analyzed the issue of failure to grant a mistrial under Ohio case law.[119] In that analysis, the state appeals court noted first that it is improper for a police officer to testify about a defendant's post-arrest silence.[120] The court then concluded that since a jury is presumed to follow the court's instructions and because the decision to grant a mistrial is committed to the discretion of the trial court, the appellate court would not find an abuse of discretion in the trial court's actions.[121]

The record shows that Smith argued this ground to the state court as a mixed claim, with an allegation based in federal law that it was improper for a witness to comment on an accused's silence after arrest,[122] followed by an unsupported conclusory allegation that such

---

[117] *Id.*

[118] *Id.* at 254-55.

[119] *Id.* at 255 (citing *State v. Hale*, 119 Ohio St. 3d 118, 892 N.E.2d 864 (2008) (citing *State v. Sage*, 31 Ohio St.3d 173, 182, 510 N.E.2d 343, 349-50 (1987)). *Sage*, in turn, relied on *State v. Williams*, 43 Ohio St. 2d 88, 330 N.E.2d 891 (1975). *Williams*, for its part, involved the issue of granting a new trial on the basis of newly discovered evidence and found, in reliance on the 1917 Ohio case of *State v. Lopa*, 96 Ohio St. 410, 411, 117 N.E. 319, 320 (1917), and the 1946 United States Supreme Court case of *United States v. Johnson*, 327 U.S. 106, 114 (1946), that because the trial court was in the best position to evaluate the motion, its decision should not be set aside without proof of a gross abuse of discretion.

[120] *Id.* at 255.

[121] *Id.*

[122] ECF # 10, Attachment at 190-92.

-24-

an improper comment requires a remand for a new trial.[123] By focusing on the purported infraction that gave rise to the motion for mistrial and not at all on the grounds for decision of the trial court in denying that motion, it appears that Smith only generally raised the issue asserted here about the basis for any right to a mistrial.

That said, the state court, as noted above, did address the denial of the motion for a mistrial solely as a matter of state law, concluding that the decision was not an abuse of discretion.

Thus, because Smith never raised any federal issue to the state courts concerning any constitutional right to a mistrial in those circumstances, and also because the state court adjudicated the claim before it as solely as an abuse of discretion question under state law, I recommend finding that Smith did not raise a cognizable claim for federal habeas relief to the state courts[124] and so this claim should now be dismissed.

## 3. *Ground four – instruction on a lesser-included offense – should be denied as non-cognizable.*

The Sixth Circuit has clearly held that failure to instruct on a lesser-included offense in a non-capital case is not a fundamental defect that produces either a miscarriage of justice or a result inconsistent with the rudimentary demands of due process.[125] Although the Sixth

---

[123] *Id.* at 192.

[124] As noted above, the claim that a trial court abused its discretion is generally not cognizable in a federal habeas corpus petition.

[125] *Bagby v. Sowders*, 894 F.2d 792, 797 (6th Cir. 1990) (en banc); *accord*, *Scott v. Elo*, 302 F.3d 598, 606 (6th Cir. 2002).

Circuit case law of *Bagby v. Sowders* and its progeny leaves open the possibility that failure to give an instruction on a lesser-included offense may provide a basis for habeas relief when such an omission amounted to a fundamental miscarriage of justice that infected the trial to such a degree as to constitute a clear violation of due process,[126] *Bagby* also recognized that such situations would be rare.[127] More importantly, in this case Smith has made no showing that the instruction here fits into the narrow recognized exception by which jury instructions are federal constitutional issues.[128]

Because the jury instruction here is generally reviewable only as a question of state law, and because Smith has not framed this claim in terms of the recognized exception to that rule, I recommend that ground four be dismissed as non-cognizable.

**4.     *Ground five – ineffective assistance of appellate counsel – should be denied on the merits after de novo review.***

As noted earlier, Smith initially raised the issue of alleged ineffective assistance by his appellate attorney by means of a Rule 26(B) motion to the Ohio appeals court, which denied the motion. As also noted, Smith then chose not to appeal that decision to the Supreme Court of Ohio, but to file a motion with the state appeals court to set aside the earlier decision. After the appeals court declined to set aside its original ruling, Smith appealed the denial of the motion to set aside to the Ohio Supreme Court.

---

[126] *Bagby*, 894 F.2d at 795.

[127] *Id.*

[128] *See*, *e.g.*, *Benson v. Smith*, No. 1:08CV1957, 2011 WL 307992, at *5 (N.D. Ohio Jan. 27, 2011) (Boyko, J.) (defining rule and exception).

In his traverse, Smith tacitly acknowledges that his actions here resulted in a procedural default of the ineffective assistance claim presented in the Rule 26(B) motion.[129] He argues, however, that because (1) the appeals court did not timely notify him of its decision to deny the Rule 26(B) motion,[130] and (2) the Supreme Court of Ohio does not permit delayed appeals from denials of Rule 26(B) motions, he has satisfied the cause and prejudice requirement to excuse that default.[131]

It is well-recognized that federal habeas courts need not address a claimed procedural default if the underlying claim may be resolved against the petitioner.[132] The Sixth Circuit has interpreted this rule to mean that consideration of an asserted procedural default is not necessary where the procedural default question is complicated and ultimately unnecessary to a determination of the underlying claim against the petitioner.[133]

In this case, addressing the procedural default would entail adjudicating Smith's claim that he did not actually receive timely notice of the appellate decision. The record in that regard consists of Smith's assertion of that fact in his petition and traverse. Further, for its part, the State now argues, as it did in the context of opposing the motion to set aside, that

---

[129] ECF # 13 at 6-7.

[130] Smith asserts that the clerk erroneously served the decision on Smith's appellate attorney who then did not forward it to Smith. ECF # 13 at 5.

[131] ECF # 13 at 6.

[132] *Lambrix*, 520 U.S. at 525.

[133] *Hudson v. Jones*, 351 F.3d 212, 215-16 (6th Cir. 2003).

even if Smith did not receive timely direct notice of the decision, Smith had a general duty to stay current with the docket of the appeals court concerning his Rule 26(B) motion.[134] In such a situation, rather than having to determine what actually transpired concerning notice of the appellate decision or what Smith's legal obligations were, and thus making a finding as to whether the procedural default has been excused, I recommend directly adjudicating the ineffective assistance of appellate counsel claim with reference to the decision of the state appeals court that denied that claim.

The particular grounds of ineffective assistance of appellate counsel are the same in this petition as were argued to the state court in the Rule 26 (B) motion.[135] Specifically, Smith maintains that his appellate counsel:

> (1) failed to argue that trial counsel was ineffective in (a) not impeaching the credibility of the gas station attendant and (b) not pointing out inconsistent testimony from Officer DeAngelo, as well as for (c) not objecting to testimony from Smith's parole officer that was elicited as "prior bad acts" evidence; and
>
> (2) failed to request an in camera hearing with the appeals court to argue that the trial transcripts of the first trial were not accurate.[136]

---

[134] *See*, ECF # 10 at 24 n.4.

[135] ECF # 1 at 33; ECF # 10, Attachment at 387.

[136] *Id*. In the traverse, Smith has attempted to broaden the last argument in his habeas petition to include the claim that the transcript of the second trial was also not accurate. That was not asserted before the appeals court in the Rule 26 (B) application. *See*, ECF # 10, Attachment at 384-87. The federal habeas court need not consider arguments raised for the first time in a traverse. *Jalowiec v. Bradshaw*, 657 F.3d 293, 311-12 (6th Cir. 2011).

In regards to the issue of the transcript, Smith originally moved in the appeals court that audiotapes from that trial be compared to the transcript so as to disclose any variations.[137] To that point, the appeals court found that there was no evidence that any audiotapes ever existed or, if they did exist, that they were still available.[138] The court also noted that any discrepancies in the transcript of the first trial would be "too far removed" from any meritorious claim concerning the second trial.[139] Nonetheless, the court concluded that even if the alleged discrepancies existed, Smith's appellate counsel never knew of Smith's concerns in this regard and so cannot be ineffective for not having raised them.[140]

As to the remaining issues of purported errors by trial counsel, which Smith argues should have been raised by appellate counsel, the state appeals court first set forth the correct federal law standard of review embodied in *Strickland v. Washington*.[141] Applying that standard to the record in the first trial, the court then reviewed each claim individually, finding as to the deficient performance prong that the actions of trial counsel were not

---

[137] *See*, *id*. at 385.

[138] *Id*. at 386.

[139] *Id*.

[140] *Id*. at 394-95. Smith sent a letter to the appeals court with his concerns over alleged errors in the transcript of the first trial. That letter was placed in a correspondence file, but not in the record of the case, which was forwarded to counsel. As such, the appellate court found that there was nothing to show that Smith's appellate counsel knew about the issue of alleged errors in the transcript of the first trial.

[141] *Id*. at 387. The Ohio court relied on *State v. Bradley*, 42 Ohio St. 3d 136, 538 N.E.2d 373 (1989), which, in paragraph two of the syllabus, adopted the test for ineffective assistance set forth in *Strickland v. Washington*, 466 U.S. 668 (1984).

deficient as a matter of trial strategy.[142] Further, the court also found that there was no prejudice from any of these actions because the other evidence of Smith's guilt was considerable[143] and, in the instance of prior bad act testimony, the court gave the appropriate limiting instruction which the jury is presumed to have followed.[144]

With respect to the specific deficiencies in trial counsel's performance, the court of appeals reasonably applied the *Strickland* standard to each deficiency. First, as to the failure of counsel to impeach one of the employees of the gas station, Alicea, the court reasonably concluded that counsel's performance represented non-prejudicial trial strategy. Although some confusion may have existed as to Alicea's recollection of the location and actions of other employees in the store at the time of the robbery, her testimony about Smith pointing a gun at her was clear; further cross-examination would have permitted her to testify that she was preoccupied by Smith pointing a gun at her.[145] And counsel did cross-examine Alicea on her identification of Smith and the description of the handgun he brandished during the robbery.[146]

---

[142] *Id.* at 387-92.

[143] *Id.* at 392-93.

[144] *Id.* at 393-94.

[145] *Id.* at 389-90.

[146] *Id.* at 390.

Second, the inconsistencies in Officer DeAngelo's testimony in the first and second trials were immaterial, as the court of appeals concluded.[147] At both trials DeAngelo testified that a black male jumped into the back seat of a car through an open window and identified that male as Smith.[148] DeAngelo pursued the car and identified Smith when he exited the car after it crashed into a utility pole.[149] At the first trial DeAngelo did not testify about whether the car was moving at the time.[150] He testified that the car was moving at the second trial.[151] The critical testimony, which remained consistent in both trials, was DeAngelo's identification of Smith. Whether the car was moving when Smith first entered it is immaterial to that identification.

Third, contrary to Smith's argument, his attorney did object to testimony by Catherine Baker, Smith's parole officer, about a 1980 conviction for rape, aggravated robbery, felonious assault, and theft.[152] Although the trial judge admitted the testimony over counsel's objection, he later gave a limiting instruction that the conviction could only be considered as an element of the offense of having a weapon under a disability, not for purposes that he

---

[147] *Id.* at 391.

[148] *Id.*

[149] *Id.*

[150] *Id.*

[151] *Id.*

[152] *Id.* at 393.

acted in the matter at issue in conformity with the prior conviction.[153] Counsel, therefore, did not act ineffectively as to this testimony.

On this record, I recommend bypassing the alleged procedural default and finding that the decision of the appellate court which denied Smith's Rule 26 (B) application was not an unreasonable application of the clearly established federal law of *Strickland*. Thus, this claim should be denied on the merits.

5.  ***Ground one – impermissibly suggestive witness identification – should be denied on the merits after AEDPA review because the state court decision denying this claim was not an unreasonable application of clearly established federal law.***

Here, Smith argues that the identification of him by the two gas station employees were improperly suggestive and unreliable.[154] The identifications at issue were made by two employees of the gas station at a "show up" where police presented Smith and Johnson to these individuals for purposes of determining if the witnesses could identify either man as a participant in the robbery.[155]

Smith argued on appeal that the trial court erred by not suppressing the statements by these employees identifying him as the robber because the show up was unnecessarily suggestive of his guilt and the identification was unreliable.[156] The appeals court agreed that the show up procedure was unduly suggestive of Smith's guilt, but concluded that it was not

---

[153] *Id.* at 394.

[154] ECF # 1 at 12.

[155] ECF # 10, Attachment at 248-49.

[156] *See, id.* at 248.

-32-

error to deny the motion to suppress because the identifications were reliable.[157] In that regard, the court noted that both witnesses had been able to observe Smith during the commission of the crime; both witnesses were certain in their identifications; and both witnesses made the identifications within one hour of the crime being committed.[158] The court also observed that the robbery was recorded on videotape, and that Smith was photographed on being booked – all factors, said the court, that support the conclusion that the identifications here were reliable.[159]

As the State notes,[160] the appeals court decision in this regard closely follows the Sixth Circuit rubric of *Mills v. Cason*.[161] Specifically, that rule directs that an allegation of an impermissible identification proceed in two steps: (1) a determination of whether the identification was unduly suggestive and then, if that inquiry is answered affirmatively, (2) a determination of whether, under the totality of the circumstances and using the five factors set out by the Supreme Court in *Neil v. Biggers*,[162] the identification was nevertheless reliable.[163] Those factors are: (1) the opportunity of the witness to observe the criminal at the

---

[157] *Id.* at 249.

[158] *Id.*

[159] *Id.* at 250.

[160] ECF # 10 at 36.

[161] *Mills v. Cason*, 572 F.3d 246, 251 (6th Cir. 2009).

[162] *Neil v. Biggers*, 409 U.S. 188 (1972).

[163] *Mills*, 572 F.3d at 251 (citing *Biggers*, 409 U.S. at 199).

time of the crime, (2) the witness' degree of attention, (3) the accuracy of the witness' prior description of the criminal, (4) the level of certainty demonstrated by the witness at the confrontation, and (5) the length of time between the crime and the confrontation.[164]

In this case, as noted above, the appeals court found that the two witnesses were in the store when it was robbed – with one of them being the clerk who actually had the perpetrator point a gun at her and demand money, with the other witnessing the event from about 12 feet away.[165] In addition, each witness recalled very specific details of each suspect's clothing, and concerning the particular actions of each during the course of the robbery.[166] Further, as also noted above, the identification of Smith as the robber made less than one hour after the crime occurred and its accuracy was supported by the videotape.[167]

Thus, based on the facts as found by the state appeals court during its application of the proper clearly established federal law of *Biggers*, I recommend finding that the decision to reject this claim was not an unreasonable application of clearly established federal law and so this ground for relief here should be denied.

---

[164] *Biggers*, 409 U.S. at 199.

[165] ECF # 10, Attachment at 249-50; *see also*, ECF # 10 at 35.

[166] ECF # 10, Attachment at 250.

[167] *Id*.

-34-

## Conclusion

For the reasons stated, I recommend that the petition of Anthony Jerome Smith for a writ of habeas corpus be dismissed in part and denied in part as more fully set forth above.

Dated: November 29, 2012                    s/ William H. Baughman, Jr.
                                            United States Magistrate Judge

## Objections

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days of receipt of this notice. Failure to file objections within the specified time waives the right to appeal the District Court's order.[168]

---

[168] *See*, *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also*, *Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).