**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| ANTHONY JEROME SMITH, | ) | CASE NO. 4:10CV2836 |
| | ) | |
| Petitioner, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| Vs. | ) | |
| | ) | |
| RICH GANSHEIMER, | ) | MEMORANDUM OF OPINION |
| | ) | |
| Respondent. | ) | |

**CHRISTOPHER A. BOYKO, J:**

This matter comes before the Court on Petitioner Anthony Jerome Smith's Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (ECF #1). For the following reasons, the Court accepts and adopts the Magistrate Judge's Report and Recommendation, and dismisses in part and denies in part, Petitioner's Petition.

## **FACTS**

The following is a factual synopsis of Petitioner's claims. The Magistrate Judge's Report and Recommendation, adopted and incorporated, provides a more complete and

1

detailed discussion of the facts.

Petitioner was indicted on one count of Aggravated Robbery, with Firearm and Repeat Violent Offender Specifications, and one count of Having a Weapon While Under Disability. The case proceeded to jury trial where Petitioner was found guilty on all charges, including the Specifications. Petitioner was sentenced to an aggregate prison term of 21 years.

Petitioner filed a Notice of Appeal, arguing that the trial judge had erred by failing to instruct the jury on the lesser-included offense of Robbery. The Court of Appeals agreed and remanded the matter for a new trial. After the remand for a new trial, Petitioner filed a Motion to Suppress the identifications made by the gas station manager and clerk, arguing that the "show-up" procedure used by the police was unduly suggestive. Following a hearing on the motion, the trial court denied the Motion to Suppress. The case proceeded to a jury trial and Petitioner was found guilty of Aggravated Robbery, with Repeat Violent Offender and Firearm Specifications, and of Having a Weapon While Under Disability. The trial court sentenced Petitioner to the same sentence of 21 years.

Petitioner filed a Notice of Appeal. On December 31, 2008, the Court of Appeals affirmed the trial court's judgment. On February 11, 2009, Petitioner filed an untimely Notice of Appeal and a Motion to File a Delayed Appeal with the Ohio Supreme Court, citing in both instances problems with the prison mail system in receiving the judgment of the Court of Appeals. The Supreme Court of Ohio permitted Petitioner to file a delayed appeal, however, on September 30, 2009, the Ohio Supreme Court dismissed the Appeal.

While the direct Appeal was still pending before the Supreme Court of Ohio, Petitioner filed an Application on March 23, 2009 with the Court of Appeals, pursuant to

Ohio Appellate Rule 26(B), to reopen his Appeal.  On July 21, 2009, the Court of Appeals denied Smith's Application to Reopen his Appeal.  On April 14, 2010, Petitioner filed a Motion with the Court of Appeals asking that the Court set aside its judgment denying his Application to Reopen his Appeal.  On July, 16, 2012, the Court of Appeals overruled Petitioner's Motion.  Petitioner then filed a timely Appeal of that decision to the Ohio Supreme Court.  On October 13, 2010, the Ohio Supreme Court dismissed the Appeal.

On December 15, 2010, Petitioner filed the instant Petition asserting the following Grounds for relief:

> **GROUND ONE:** Petitioner's constitutional right to due process was violated where the identification process was unnecessarily suggestive and conducive to irreparable mistaken identification, and the identification exhibits many indices of unreliability.
>
> **GROUND TWO:** Petitioner's constitutional right to due process was violated where the trial court permits a witness to testify over objection preventing the defense from preparing a defense to possible testimony and where the defense was unfairly prejudiced by the testimony.
>
> **GROUND THREE:** Petitioner's right to remain silent and right to counsel as guaranteed by the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution were violated where the trial court overruled Petitioner's motion for a mistrial.
>
> **GROUND FOUR:** Petitioner was denied his fundamental right to a fair (sic) as guaranteed by the Fourteenth Amendment to the United States Constitution where the trial court failed to instruct the jury on the lesser included offense of theft.
>
> **GROUND FIVE:** Petitioner was denied his right to effective assistance of counsel as guaranteed by the Sixth and Fourteenth Amendments to the United States Constitution where counsel on appeal failed to challenge his cause skillfully, which prejudiced him to receiving a full review of meritorious issues.

On February 3, 2011,  this Court referred Petitioner's Petition to the Magistrate

Judge for a Report and Recommendation. The Magistrate Judge issued his Report and Recommendation on November 29, 2012. On June 14, 2013, Petitioner filed Objections to Magistrate Judge's Report and Recommendation.

## STANDARD OF REVIEW

When a federal habeas claim has been adjudicated by the state courts, 28 U.S.C. § 2254(d)(1) provides the writ shall not issue unless the state decision "was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States." Further, a federal court may grant habeas relief if the state court arrives at a decision opposite to that reached by the Supreme Court of the United States on a question of law, or if the state court decides a case differently than did the Supreme Court on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-406 (2000). The appropriate measure of whether or not a state court decision unreasonably applied clearly established federal law is whether that state adjudication was "objectively unreasonable" and not merely erroneous or incorrect. *Williams*, 529 U.S. at 409-411.

Pursuant to 28 U.S.C. § 2254(e)(1), findings of fact made by the state court are presumed correct, rebuttable only by clear and convincing evidence to the contrary. *McAdoo v. Elo*, 365 F. 3d 487, 493-494 (6th Cir. 2004). Finally, Rule 8(b)(4) of the Rules Governing §2254 states:

> A judge of the court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify in whole or in part any findings or recommendations made by the magistrate.

## ANALYSIS

In Ground One, Petitioner asserts that his identification by witnesses was unfair. In Petitioner's Appeal, he asserted that the trial court erred by not suppressing the statements by the identifying witnesses. The Court of Appeals agreed that the procedure used was unduly suggestive, but concluded that it was not error to deny the Motion to Suppress because the identifications were reliable.

The Magistrate Judge points out that the Court of Appeals' decision closely follows the Sixth Circuit rubric of *Mills v. Cason* 572 F.3d 246, 251 (6th Cir. 2009). Specifically, that rule directs that an allegation of an impermissible identification proceed in two steps: (1) a determination of whether the identification was unduly suggestive and then, if that inquiry is answered affirmatively, (2) a determination of whether, under the totality of the circumstances and using the five factors set out by the Supreme Court in *Neil v. Biggers*, 409 U.S. 188 (1972), the identification was nevertheless reliable. *Mills*, 572 F.3d at 251 (citing *Biggers*, 409 U.S. at 199).  Those factors are: (1) the opportunity of the witness to observe the criminal at the time of the crime, (2) the witness' degree of attention, (3) the accuracy of the witness' prior description of the criminal, (4) the level of certainty demonstrated by the witness at the confrontation, and (5) the length of time between the crime and the confrontation. *Biggers*, 409 U.S. at 199.

In his Objections, Petitioner asserts that neither witness identified him as the perpetrator.  However, the Court of Appeals found that both witnesses were in the store, one had direct contact, and the other was about twelve feet away.  The witnesses were able to recall specific details and actions.  The Court finds that based on the facts as found by the Court of Appeals during its application of *Biggers*, the decision to reject this

claim was not an unreasonable application of clearly established federal law.  Therefore, Ground One is denied.

In Ground Two, Petitioner claims that his due process rights were violated when the trial court permitted a witness to testify at his second trial over a defense objection, because the prosecutor should have either re-submitted the witness list from the first trial, or prepare an entirely new witness list for the second trial that included the challenged witness.  The Court of Appeals addressed this matter as exclusively one of state law, in particular, Ohio Criminal Rule 16.

That Court concluded that the prosecutor here had not violated Ohio Criminal Rule 16 because the failure to explicitly identify this witness to the defense before the second trial was a misunderstanding.  At the second trial, the prosecutor told the defense counsel that he intended to use the same witnesses as the first trial.  This witness was on the list from the first trial, but not called to testify.  The prosecutor meant listed witnesses, defense counsel thought it meant those witnesses that actually testified.

The Court agrees with the Magistrate Judge that this ground is based solely on an alleged violation of state law.  The federal habeas statute restricts the writ to state prisoners who are in custody in violation of federal law.  It is well-settled that, to the extent a petitioner claims that his custody is a violation of state law, the petitioner has failed to state a claim upon which federal habeas relief may be granted.  *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990).

The Court of Appeals found that the trial court did not abuse its discretion by allowing the witness to testify, concluding that the prosecutor did not violate Criminal

Rule 16. Therefore, Petitioner has failed to show a constitutional violation, or state a claim on which federal habeas relief may be granted. Ground Two is dismissed as non-cognizable.

In Ground Three, Petitioner asserts a violation of his Fifth, Sixth, and Fourteenth Amendment rights when the trial court overruled his motion for a mistrial in the second trial after the prosecutor asked a police officer witness if Petitioner made a statement. The witness said Petitioner had invoked his right to counsel rather than make a statement. Defense counsel objected and requested a mistrial. The trial court denied the request for a mistrial, and instructed the jury to disregard the statement. The Court of Appeals analyzed the issue under Ohio case law.

In his Report and Recommendation, the Magistrate Judge points to the Court of Appeals finding that a trial court's decision on whether to grant or deny a motion for a mistrial lies within its discretion. *State v. Hale*, 119 Ohio St.3d 118, 2008 Ohio 3426, at P192, 892 N.E.2d 864, citing *State v. Sage* (1987), 31 Ohio St.3d 173, 182, 31 Ohio B. 375, 510 N.E.2d 343. Therefore, because Petitioner did not raise any federal issue to the state courts concerning any constitutional right to a mistrial in those circumstances, and also because the state court adjudicated the claim before it solely as an abuse of discretion under state law, Petitioner has not raised a cognizable claim for federal habeas relief. Ground Three is dismissed.

In Ground Four, Petitioner asserts that he was denied a fair trial because the trial court did not instruct the jury on a lesser-included offense. In his Report and Recommendation, the Magistrate Judge makes clear that jury instruction is generally reviewable only as a question of state law. The Sixth Circuit has clearly held that failure

7

to instruct on a lesser-included offense in a non-capital case is not a fundamental defect that produces either a miscarriage of justice or a result inconsistent with the rudimentary demands of due process. *Bagby v. Sowders*, 894 F.2d 792, 797 (6th Cir. 1990) (en banc); *accord*, *Scott v. Elo*, 302 F.3d 598, 606 (6th Cir. 2002).

Although the Sixth Circuit case law of *Bagby v. Sowders* and its progeny leaves open the possibility that failure to give an instruction on a lesser-included offense may provide a basis for habeas relief when such an omission amounted to a fundamental miscarriage of justice that infected the trial to such a degree as to constitute a clear violation of due process, *Bagby* also recognized that such situations would be rare. *Id.* at 795. Petitioner has not shown that this claim fits within any narrow exception to the rule that issues regarding jury instructions are normally considered to be matters of state law not cognizable in federal habeas corpus. Therefore, the Court finds that Ground Four is dismissed as non-cognizable.

In Ground Five, Petitioner contends that appellate counsel was ineffective for failing to argue that trial counsel was ineffective, and failing to claim that the trial transcripts were inaccurate. Respondent asserts that Ground Five is procedurally defaulted because Petitioner never presented the merits of what is now Ground Five to the Supreme Court of Ohio. The Magistrate Judge thoroughly reviewed the record to determine if the procedural default should be excused. After determining that the asserted default question is complicated, the Magistrate Judge reviewed Ground Five on the merits.

The Court of Appeals addressed Petitioner's claims of specific deficiencies in counsel's performance, and set forth the correct federal law standard of review.

Ineffective counsel claims are governed by the *Strickland v. Washington*, 466 U.S. 668 (1984) standard, in which the United State Supreme Court propagated a two-prong test which would, if met, warrant reversal of a conviction: First, counsel's performance must fall below an objective standard of reasonableness, and second, there is a reasonable probability that counsel's deficient performance prejudiced the prisoner, resulting in an unreliable or fundamentally unfair outcome of the proceeding. *Id.* at 687-689.

The Court of Appeals found that trial counsel was not deficient. The Court found considerable other evidence of Petitioner's guilt and thus, there was no prejudice from any of trial counsel's actions. Petitioner claims that the trial transcripts were changed and that appellate counsel should have requested a hearing to review audio tapes of the trial. The Court of Appeals found that appellate counsel was not deficient in not challenging audiotapes that possibly did not even exist.

Petitioner's Objections simply restate his Memorandum in Support of Petition, and do not point to any specific issues. The Magistrate Judge reviewed the record, correctly applied the pertinent law, and determined that Petitioner's claim of ineffective assistance of counsel is without merit. Therefore, Ground Five is denied.

For the foregoing reasons, the Court finds the Magistrate Judge's Report and Recommendation accurately and thoroughly addresses Petitioner's arguments. The Court **ADOPTS** and **ACCEPTS** the Magistrate Judge's well-reasoned Report and Recommendation and denies in part and dismisses in part Petitioner's Petition Under 28 U.S.C. §2254 for Writ of Habeas Corpus by a Person in State Custody.

The Court finds an appeal from this decision could not be taken in good faith. 28 U.S.C. § 1915 (a)(3). Since Petitioner has not made a substantial showing of a denial

of a constitutional right directly related to his conviction or custody, the Court declines to issue a certificate of appealability. 28 U.S.C. § 2253 (c)(2); Fed. R. App. P. 22(b).

       IT IS SO ORDERED.

Date:6/24/2013
                        s/Christopher A. Boyko
                        CHRISTOPHER A. BOYKO
                        United States District Judge